547 P.2d 50
**STATE of Arizona, Appellee,**
v.
**Alva COOK, Appellant.**
**No. I CA–CR III0.**

Court of Appeals of Arizona,
Division 1,
Department A.
March 16, 1976.
Review Granted May 18, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, Cleon M. Duke, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

## OPINION

DONOFRIO, Presiding Judge.

The appellant, having been tried by a jury, was found guilty upon their verdict of burglary, first degree; attempted armed robbery; attempted rape and kidnapping. The trial judge sentenced appellant to concurrent sentences on all counts of not less than ten nor more than fifteen years in the Arizona State Prison. Appellant appeals from the judgments and sentences imposed.

On appeal, the appellant raises the following issues:

1. Evidence discovered during a warrantless search of appellant's apartment should have been suppressed;

2. The only evidence proving entry at night, an essential element of first degree burglary, was appellant's statement admitting the burglary and, therefore, a conviction for first degree burglary was improper.

3. The procedures followed by the trial court in deciding certain Rule 11 competency issues were erroneous.

The evidence, with respect to the first issue raised on appeal, shows that a police officer, responding to a call for assistance, arrived at the victim's location and found her seated in the front seat of her automobile. She told the officer, "that she had just been kidnapped and a man had attempted to rape her." She also informed the officer that the man had attemped to rape her in a nearby apartment, apartment C, and that she believed that he might still be in the apartment. She stated that she was not sure he was still there, but she thought he was because that was the last place she had seen him running towards

after she had escaped from him. Apartment C was located in a building near the victim's car. The officer spoke with the victim only momentarily and immediately proceeded to apartment C, which he then entered and searched. Although appellant was not inside the apartment, evidence was discovered which was subsequently used against him at his trial.

Appellant claims that the search was invalid because executed without a warrant. Appellant urges that the doctrine of "hot pursuit" is inapplicable, while the State argues that the entry and discovery of the evidence was, in fact, consonant with the doctrine of "hot pursuit" as developed in *Warden v. Hayden,* 387 U.S. 294, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967).

█ It is true that a search conducted without a warrant is per se unreasonable under the Fourth and Fourteenth Amendments, subject only to a few specifically established and well-delineated exceptions. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967), *State v. Damon,* 18 Ariz.App. 421, 502 P.2d 1360 (1972). The "hot pursuit" exception was established in *Warden v. Hayden,* supra. In that case the Court, holding a warrantless entry and search valid, stated:

"We agree with the Court of Appeals that neither the entry without warrant to search for the robber, nor the search for him without warrant was invalid. Under the circumstances of this case, 'the exigencies of the situation made that course imperative.' [citation omitted] * * * They acted reasonably when they entered the house and began to search for a man of the description they had been given and for weapons which he had used in the robbery or might use against them * * * Speed here was essential, and only a thorough search of the house for persons and weapons could have insured that Hayden was the only man present and that the police had control of all weapons which could be used against them or to effect an escape." 387 U.S. at 298–99, 87 S.Ct. at 1645.

█ The time interval between the criminal act and "hot pursuit" is not alone determinative of whether the doctrine will apply. *United States v. Holland,* 511 F.2d 38, 44 (6th Cir. 1975), cert. den. 421 U.S. 1001, 95 S.Ct. 2401, 44 L.Ed.2d 669. The Court in *Holland* made the following observation:

"We recognize that the time interval between the armed robbery and police arrival at the house where Gross and Holland were arrested was probably somewhat greater than the time interval involved in the *Hayden* case. But the fact that there were three houses involved in this chain of circumstances and, hence, a somewhat longer pursuit, neither breaks the chain nor alters the concept of hot pursuit." 511 F.2d at 44.

█ In the instant case Officer Hanley, upon arriving at the scene, was informed by the victim that she had just been kidnapped and that the man had attempted to rape her. She stated this had occurred in apartment C and that when she escaped and began pounding frantically on another apartment door, appellant turned and fled in the direction of apartment C. The officer reacted immediately and reasonably. He entered apartment C and searched for appellant. Under the circumstances of this case we believe the officer was in "hot pursuit" of a suspected felon and no search warrant was necessary in order to effect a lawful entry into appellant's apartment. Appellant's motion to suppress was properly denied.

For his second issue on appeal, appellant argues that the only evidence that the burglary was committed in the nighttime is contained in his pretrial statements which were admitted at trial. He concludes that since the corpus delicti of a crime must be proved by evidence independent of a defendant's confession, *State v. Hernandez,* 83 Ariz. 279, 320 P.2d 467 (1958), and that there was no other evidence showing entry in the nighttime, his conviction must be reduced to second degree burglary.

■ Appellant's argument is erroneous. The corpus delicti of a crime is established by showing (1) proof of a result, and (2) that someone is criminally responsible for it. *State v. Flores*, 9 Ariz. App. 502, 454 P.2d 172 (1969). While it is true that all the elements of the offense charged, here first degree burglary, must be proved beyond a reasonable doubt, *State v. Hunter*, 102 Ariz. 472, 433 P.2d 22 (1967), it is not true that the corpus delicti is equivalent to the essential elements of first degree burglary. Those facts which increase the degree of the crime are not included in the corpus delicti. *State v. Hale*, 45 Haw. 269, 367 P.2d 81 (1961). As stated by the Court in *Hale*:

> "Those details which merely increase the degree of the crime are not included in the corpus delicti. That the theft was in the nighttime is not, therefore, part of the corpus delicti of burglary in the first degree. Cf. *State v. McGuire*, 327 Mo. 1176, 39 S.W.2d 523. The time of day does not change the crime from burglary to something else. Nighttime only aggravates the offense and is only material to the higher degree." 45 Haw. at 276, 367 P.2d at 86.

■ Proof of the corpus delicti of burglary was adequately established and the trier of fact was entitled to consider appellant's statement in deciding the issue of guilt with respect to each element of first degree burglary. The evidence was sufficient to support the verdict.

Finally, appellant argues that the question of his competency to stand trial was raised twice and that each time the court failed to follow appropriate procedures. First, appellant argues that the submission of the competency question on the basis of psychiatric reports was invalid because the written stipulation was not entered into in open court and furthermore, that there is no showing in the record that appellant consented to the submission. Next, appellant argues that his trial counsel again raised the issue of competency, on the day

of trial, and that appellant's absence from a subsequent hearing on the matter deprived him of his right to be present.

The trial judge ordered a mental examination of appellant, pursuant to Rule 11, on October 24, 1974. On December 10, 1974, the court scheduled a hearing on mental competency for January 9, 1975. A minute entry dated December 13, 1974 states that the issue of defendant's mental competency was submitted on the basis of written reports from the court-appointed psychiatrist. That same minute entry states that the defendant was found to be competent to stand trial.

■ Appellant first argues that the written stipulation to submit on the psychiatrist reports should have been entered into in open court and that the defendant's consent to the submission should be shown in the record.

Rule 11.5(a) states:

> "When the examinations have been completed, the court shall hold a hearing to determine the defendant's competency. The parties may introduce other evidence regarding the defendant's mental condition, or by written stipulation, submit the matter on the experts' reports."

We do not think that when an attorney submits the competency issue to the trial court on the basis of written reports that the stipulation to do so must be entered into in open court, nor that it is necessary that defendant's consent be expressly set out in the stipulation or in the record. The Arizona Supreme Court has recently discussed this issue in *State v. Contreras*, 112 Ariz. 358, 542 P.2d 17 (No. 3226, filed November 6, 1975), where it held:

> "The appellant now contends that counsel cannot stipulate to the submission of the matter on the psychiatric reports without the consent of the accused. He argues that this procedure violates his due process right to a full competency hearing.

"Counsel stands in the stead of his client when representing the accused. *State v. Davis,* 112 Ariz. 140, 539 P.2d 897 (1975). There is nothing in the record before us to indicate Contreras' dissatisfaction with his attorney, and therefore the attorney has his general authority to make such a waiver.

"There is no Arizona authority to support the proposition that a hearing cannot be waived and the matter submitted by stipulation of counsel to the judge for a determination of competency. To the contrary, we have held that this procedure is entirely in accord with due process. *State v. Lopez,* 110 Ariz. 198, 516 P.2d 571 (1973); ARS § 13–1621(E). As seems clear from the number of times that this is done, a full hearing often would serve no real purpose if the psychiatric reports satisfactorily answer the questions of competency." 542 P.2d at 18.

On the day of trial, appellant's attorney approached the bench and informed the judge that he questioned appellant's competency to stand trial. The judge stated the matter would be taken up in chambers. Later, during an in-chambers conference, with counsel and defendant present, the judge indicated he would be willing to have one of the two psychiatrists who had previously examined appellant, examine him the next morning before the trial continued. The following colloquy took place:

"THE COURT: And if the examination proves to be of consequence, then of course, I would treat it as if it had been made at this time, or, at any rate, I am not asking you to waive anything by continuing to use the jury for the next couple hours.

"Does that sound reasonable to you?

"And then—

"MR. REINSTEIN: If that is what you wish to do.

"THE COURT: I'll get Sally to get whoever can stop by here and spend a little time with him and we'll hear from him.

"MR. TRYON: [Appellant's attorney] I think that is a very fair disposition, Your Honor.

"THE COURT: Is either of these people all right or do you prefer—

"MR. TRYON: Yes, sir.

"THE COURT:—one over the other?

"MR. TRYON: Either one is all right.

"THE COURT: I'll get whoever might come down to see him then."

After this in-chambers hearing, the trial continued with the State making its opening statement and calling two witnesses. The next morning Dr. Wellish examined appellant and was in turn examined by the Court. The examination of Dr. Wellish occurred in chambers, with counsel for each side present. Appellant was not present.

From this sequence of events, appellant argues that his right to be present at a competency hearing was denied. He further argues that a waiver of his presence cannot be presumed from a silent record.

We need not reach the issue of whether a defendant has a "right" to be present at a competency hearing held pursuant to Rule 11.5. Clearly, a competency hearing was not held in the judge's chambers.

■ A "hearing" on the issue of competency must be held when the examinations by at least two mental health experts have been completed, unless the matter is submitted by written stipulation. Rule 11.5, Rules of Criminal Procedure, 17 A.R.S. It follows that a hearing is only necessary where examinations have, in fact, taken place. Before an examination is required, the trial judge must determine that "reasonable grounds" for an examination exists. Rule 11.3(a). That rule states:

"a. Grounds for Appointment. If the court determines that reasonable grounds for an examination exists, it shall appoint at least two mental health experts, at least one of whom must be a medical

doctor, to examine the defendant and to testify regarding his mental condition."

In the instant case, the issue of appellant's competency to stand trial had been determined less than a month before the trial. On the day of trial, appellant's counsel again raised the issue of competency. The trial judge then suggested that one of the doctors who had previously examined appellant interview him prior to commencing trial on the following day. This was agreed to by all parties and the doctor reported that no change, mental or physical, had taken place in appellant since his last examination.

We think the informal examination of the doctor, in chambers, was utilized to facilitate a determination by the trial judge as to whether "reasonable grounds" existed to order a further mental health examination of appellant. Rule 11.3, Rules of Criminal Procedure, 17 A.R.S. The trial judge acted reasonably in suggesting that the doctor interview appellant. Rule 11 does not contemplate the "automatic" appointment of at least two mental health experts and a hearing whenever a claim of incompetency is raised by a defendant. It is only after the trial judge determines that there are "reasonable grounds" to support the claim of incompetency that the experts must be appointed and the other attendant procedures of Rule 11 come into play.

In the instant case, the trial judge simply called upon the doctor to assist him in making the determination required by Rule 11.3. The trial judge, wisely exercising his discretion, utilized an available medical expert, who had previously examined appellant in order to arrive at his determination. We think the following observations made by the Court in *United States v. Taylor*, 437 F.2d 371 (4th Cir.

1971), is particularly pertinent to the facts of this case.

"Motions made under 18 U.S.C. § 4244 for examination should not be granted so routinely that the statute amounts to no more than a provision for an automatic continuance of the defendant's request. Ordering an examination is not a perfunctory or ministerial act. It calls for the exercise of judicial discretion to determine whether there is 'reasonable cause to believe' that the defendant may not be competent to be tried. The motion is required to state the ground for the belief. While we agree that doubt should be resolved in favor of ordering an examination, we find no doubt in this case when neither the defendant's appearance nor his history as recited in the motion provided any reason to question whether he possessed a rational and factual understanding of the proceedings or could assist his attorney to the extent any untrained defendant could assist, in preparing a case." 437 F.2d at 376, 377 (fn. 7)

The appellant had no right to be present at the trial judge's determination of whether "reasonable grounds" existed to order an examination pursuant to Rule 11.3. Appellant's counsel was present and made no request to have appellant present. Furthermore, no claim has been raised that appellant was in fact incompetent to assist in his defense or that his absence from the determination prejudiced his defense. Under the facts of this case, appellant cannot predicate error on his non-attendance at the in-chambers conference with Dr. Wellish.

The judgments and sentences appealed from are affirmed.

OGG and FROEB, JJ., concur.