880 P.2d 706

The STATE of Arizona, Appellee,

v.

Frank Thomas VILLA, Appellant.

No. 2 CA–CR 93–0103.

Court of Appeals of Arizona,
Division 2, Department B.

Feb. 22, 1994.

Review Denied Sept. 20, 1994.

Grant Woods, Atty. Gen. by Paul J. McMurdie and Mona Peugh–Baskin, Phoenix, for appellee.

Law Office of David Alan Darby by David Alan Darby, Tucson, for appellant.

## OPINION

ESPINOSA, Presiding Judge.

Appellant was convicted of driving under the influence of intoxicating liquor while his license was suspended, a class five felony, and was placed on probation for three years on the condition that he serve six months in the Department of Corrections. On appeal, he contends that 1) his motion for directed verdict should have been granted because the state failed to establish the corpus delicti and failed to present substantial evidence to establish that his license was suspended, and 2) that a mistrial should have been granted because of the prosecutor's reference during the trial and in closing argument to a document not admitted into evidence. Finding no error, we affirm.

The evidence of appellant's license suspension came from the arresting officer, who testified that when he asked appellant for his driver's license, appellant produced a California identification card. When asked if he had a driver's license, appellant responded that it had been suspended. The trial court sustained appellant's objection to the admission of a document from the California Motor Vehicle Division confirming that appellant's license had been suspended. Appellant argues that, because the only evidence that his license was suspended was his uncorroborated confession, he was entitled to a directed verdict of acquittal. We disagree.

The law in Arizona is well settled that an accused may not be convicted on his uncorroborated confession, and that before a confession may be used there must be independent evidence to establish the crime. *State v. Gillies*, 135 Ariz. 500, 662 P.2d 1007 (1983), *cert. denied*, 470 U.S. 1059, 105 S.Ct. 1775, 84 L.Ed.2d 834 (1985). However, the corpus delicti need not be proven beyond a reasonable doubt; "[o]nly a reasonable inference of the corpus delicti need exist before a confession may be considered." *Id.* at 506, 662 P.2d at 1013.

The trial court ruled that there was sufficient corroboration in appellant's presentation of an identification card in response to the officer's request for a license and in his subsequent inability to produce a license when the request was repeated. *See State v. Janise*, 116 Ariz. 557, 570 P.2d 499 (1977) (relying on defendant's inability to show officer any indicia of ownership of car to support corpus delicti in burglary case). We agree that this evidence was sufficient to support the inference that appellant's license was suspended.

Even without this evidence, however, we believe that the state had established the corpus delicti. Appellant does not argue that there was insufficient evidence on any element of the offense other than the fact of the license suspension. The purpose of the corpus delicti rule is to prevent erroneous convictions based solely on untrue confessions. *State v. Gerlaugh*, 134 Ariz. 164, 654 P.2d 800 (1982). The state presented more than sufficient evidence to establish the underlying offense of driving under the influ-

ence of intoxicating liquor. Appellant does not dispute this, and thus the purpose of the rule has been served. The state was not required to present independent evidence on the additional element which raises the offense to a higher degree before appellant's confession could be introduced into evidence. *See Hart v. State*, 301 Ark. 200, 783 S.W.2d 40 (1990) (where state proved theft by independent evidence, it was not required to prove theft by receiving stolen goods by independent evidence); *Burks v. State*, 613 So.2d 441, 444 n. 4 (Fla.1993) ("Thus, it is sufficient if the elements of the underlying crime are proven rather than those of the particular degree or variation of that crime which may be charged.").

Because we conclude that appellant's confession was properly admitted into evidence, his argument with respect to the sufficiency of the evidence also fails.

■ During closing argument, the prosecutor referred to the California Motor Vehicle Division records pertaining to the suspension of appellant's license which she, erroneously, believed had been admitted into evidence in a redacted form. The trial court sustained appellant's objection and instructed the jury to disregard the remarks. Appellant's argument before this court is premised on his assumption that his confession could not properly be considered by the jury in determining his guilt. Because we have held otherwise, and because with this confession the evidence of guilt was overwhelming, we can find no prejudice to appellant.

We have reviewed the entire record for fundamental error and have found none. We therefore affirm.

DRUKE, C.J., and HATHAWAY, J., concur.