42 P.3d 1186

STATE of Arizona, Appellant,

v.

Ernesto FLORES, Appellee.

No. 1 CA–CR 01–0280.

Court of Appeals of Arizona,
Division 1, Department C.

March 28, 2002.

Richard M. Romley, Maricopa County Attorney By Arthur Hazelton, Deputy County Attorney, Phoenix, Attorneys for Appellant.

James J. Haas, Maricopa County Public Defender By Edward F. McGee, Deputy Public Defender, Phoenix, Attorneys for Appellee.

## OPINION

EHRLICH, Judge.

¶ 1 Ernesto Flores was charged with possession of narcotic drugs for sale and transportation of narcotic drugs for sale, each a class 2 felony. The trial court suppressed certain statements Flores made; it then ruled that, without those statements, no corpus delicti of the crimes existed. Upon the State's motion, the court dismissed the case without prejudice, and the State appealed. For the following reasons, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 The facts are undisputed. While Flores was riding a bicycle in Phoenix, a police officer recognized him from prior contacts and determined that Flores had an outstanding misdemeanor warrant. The officer arrested Flores and, in an unchallenged search incident to the arrest, discovered two small, unpackaged rocks of crack cocaine under Flores' hat and $1.53 in Flores' pocket. When questioned, Flores said that he was not going to smoke the crack but that he was holding it for someone named "Chango." He said that Chango had given him the drugs for delivery to whomever Chango directed.

¶ 3 Flores was charged with the possession and the transportation of the cocaine, both for the purpose of sale. He moved to suppress his statements to the officer for lack of corpus delicti, arguing that the State had no evidence independent of his statements to support an inference that a crime involving a sale had occurred. Indeed, the State conceded that, without Flores' statements, it did not have a "sales" case. Agreeing with Flores, the trial court wrote:

> THE COURT DETERMINES that the statements of the Defendant, which would constitute actual confessions, are inadmissible since there is no independent evidence separate from the confessions to warrant a reasonable inference that the charged crimes have been committed. The charges in this matter are TRANSPORTATION OF NARCOTIC DRUGS FOR SALE and POSSESSION OF NARCOTIC DRUGS FOR SALE. The only independent evidence is the Defendant's possession of drugs. The Drugs were of a small quantity, unwrapped, and there was no observation of the defendant having any dealings with any third party to support the inference that the drugs were to be sold or transported for sale.

## DISCUSSION

¶ 4 The State contends that Flores' possession of two rocks of crack cocaine was sufficient to establish the corpus delicti for the offenses, and, therefore, that the trial court erred in suppressing Flores' statements. While we review the court's decision for clear and manifest error, we review de novo the legal issue whether the State was required to present evidence other than Flores' statements of his intent to sell or transport the drugs for sale to establish the corpus delicti. *See State v. DeCamp*, 197 Ariz. 36, 38 ¶ 9, 3 P.3d 956, 958 (App.1999).

¶ 5 The purpose of the corpus-delicti rule is to prevent a conviction based solely on an individual's uncorroborated confession, the concern being that such a confession could be false and the conviction thereby lack fundamental fairness. *State v. Jones*, 198 Ariz. 18, 21 ¶ 10, 6 P.3d 323, 326 (App.2000). Therefore, the rule requires that, before a person's incriminating statements may be used as evidence, the State must present proof that a certain result has occurred and that someone is criminally responsible for that result, or, in other words, the State must present proof that someone committed the crime with which the defendant is charged. *Id.* at 22 ¶ 12, 6 P.3d at 327. The State's proof need establish only a reasonable inference that the crime charged was actually committed, *id.*, but "all elements of the offense must be supported by independent evidence or corroborated admissions." *Id.* at 22 n. 6, 6 P.3d at 327 n. 6 (citing *Smith v. United States*, 348 U.S. 147, 156, 75 S.Ct. 194, 99 L.Ed. 192 (1954)).

¶ 6 The State maintains that *State v. Villa*, 179 Ariz. 486, 880 P.2d 706 (App.1994), controls. In *Villa*, the defendant was convicted of driving under the influence of intoxicating liquor while his license was suspended. He argued that he was entitled to a directed verdict of acquittal because the only evidence that his license was suspended was his uncorroborated confession. This court found that the State had presented sufficient independent evidence of the license suspension to permit the admission of the confession. *Id.* at 488, 880 P.2d at 708. Then it stated in dicta that, even without the evidence, the State had established the corpus delicti. However, the court also noted that the prosecution had established the underlying offense of driving while intoxicated and that the State was not required to present inde-

pendent evidence regarding the additional element of the license suspension, which affected the degree of the offense, before admitting the defendant's confession. *Id.*

¶ 7 The Arizona Supreme Court has indicated that the corpus-delicti rule also does not apply to an element of the offense relating only to punishment. *State v. Cook,* 115 Ariz. 188, 192 n. 6, 564 P.2d 877, 881 n. 6 (1977). In *Cook,* the court reviewed a court of appeals opinion addressing whether a defendant's confession could be admitted as the only evidence that the burglary charged had occurred at night, making it a first-degree rather than a second-degree offense. *State v. Cook,* 26 Ariz.App. 198, 200–01, 547 P.2d 50, 52–53 (1976), *vac. on other grounds,* 115 Ariz. 188, 564 P.2d 877. The court of appeals had held that the corpus delicti was not the equivalent of the essential elements of burglary and that those facts that increased the degree of the offense were not included in the corpus delicti. *Id.* at 201, 547 P.2d at 53. Quoting *State v. Hale,* 45 Haw. 269, 367 P.2d 81 (1961), it had written that the crime of burglary did not change into another activity depending on the "time of day." *Id.* The supreme court, while vacating the opinion on other grounds, agreed, stating that the confession was admissible as the only evidence of the first-degree element of burglary because that element related only to punishment. 115 Ariz. at 192 n. 6, 564 P.2d at 881 n. 6.

¶ 8 The State argues that the charged offenses share, as a common lesser-included offense, possession of drugs, and, therefore, Flores' intent to sell or transport the drugs for sale is but an additional element that increases the degree of the offenses to a higher-level felony. From this premise it concludes that establishing the corpus delicti of the underlying offense of possession was sufficient to permit introduction of Flores' statements as in *Villa* and that the corpus-delicti rule was satisfied, by the discovery of contraband in Flores' possession.

¶ 9 Flores responds that the elements involving the sale or transfer for sale do not merely change the level of punishment but change the nature of the offense. We agree.

¶ 10 In *Villa,* the nature of the underlying offense of driving while intoxicated was not changed by the additional element of the license suspension; only the level of punishment was affected. Likewise, in *Cook,* whether the burglary occurred during the day or night affected only the punishment and did not alter the nature of the offense.

¶ 11 In contrast, the offenses of possession of drugs for sale and transportation of drugs for sale are qualitatively different from their lesser-included offense of possession. The additional "sale" element does not only affect the level of the offense and the punishment to be applied, it changes the nature of the offense from possession for one's own use to participation in the commercial trafficking in drugs. Consequently, the "sale" element does not fit the exception recognized in *Cook* and *Villa* to the requirement that each element of an offense be established by independent evidence or corroborated admissions. *See Jones,* 198 Ariz. at 22 n. 6, 6 P.3d at 327 n. 6.

¶ 12 The parties also cite cases from other jurisdictions to support their respective positions. The State cites *Commonwealth v. DiSabatino,* 399 Pa.Super. 1, 581 A.2d 645 (1990), in which DiSabatino was convicted of possession of a controlled substance and possession with intent to deliver arising out of the same incident. He claimed that the Commonwealth had proved the corpus delicti only for the charge of possession and that his confession alone established the intent to deliver. The court held that, when a confession relates to two closely related crimes with which a defendant is charged but independent evidence establishes the corpus delicti for only one, the confession is admissible as evidence of the other offense. *Id.* at 648. The court noted that the two charges shared a common element of possession and reasoned that, under the circumstances, the policies of the corpus-delicti rule would not be violated, concluding that, once the possession of drugs was established, there no longer was any danger that a person's confession would lead to a conviction for a nonexistent crime. *Id.*

¶ 13 Flores cites *State v. Cobelli,* 56 Wash. App. 921, 788 P.2d 1081 (1989), in which the

court reached the opposite conclusion. Cobelli was convicted of possession of marijuana with intent to deliver. Police officers had seen him engaging in short conversations with various people in the parking lot of a convenience store in an area known for drug activity. They later stopped him, and, after the officers twice asked for permission to search him, Cobelli reached in his pockets and pulled out a total of 1.4 grams of marijuana packaged in several baggies; he also admitted having sold two baggies.

¶ 14 Cobelli claimed on appeal that the State had failed to prove the corpus delicti of an intent to deliver, and the court agreed. *Id.* at 1082–83. It found no inference of an intent to deliver, noting that Cobelli did not possess a significant amount of drugs or money and that he was not observed conducting any transactions. *Id.* at 1083. The court held that mere possession does not raise an inference of the intent to deliver, that Cobelli's confession therefore was erroneously admitted and that the evidence was insufficient to support the conviction. *Id.* It remanded for entry of a judgment of guilt on the lesser-included offense of possession. *Id.*

¶ 15 The State argues that *DiSabatino* is more consistent with *Villa* and more compatible with Arizona law than *Cobelli.* We disagree. The courts in *Cook* and *Villa* found that a defendant's confession could be used to prove an element of the offense when that element relates to the degree of the offense or to punishment. *Cook,* 115 Ariz. at 192 n. 6, 564 P.2d at 881 n. 6; *Villa,* 179 Ariz. at 487–88, 880 P.2d at 707–08. *DiSabatino* is based on different reasoning because the critical factors are the close relationship between two charged offenses and the fact that the corpus delicti has been proved for only one of those offenses. 581 A.2d at 648. The court's decision that DiSabatino's confession was admissible for the offense for which the corpus delicti was not proven was based on the conclusion that establishing the corpus delicti for one of the related offenses eliminated the risk that an accused would be convicted for a crime that never occurred. *Id.* Unlike *Cook* or *Villa,* the decision was not based on the character of the element for which no reasonable inference was shown.

¶ 16 Furthermore, in discussing the corpus-delicti rule, the court in *DiSabatino* referred generally to proof that "a crime" has been committed, concluding that, once the crime of possession was shown to have been committed, the rule is satisfied and a defendant's statement is admissible to show his intent regarding the other offense. *Id.* The Arizona Supreme Court, however, has articulated the rule as requiring a showing that the "crime charged" has been committed. *State v. Janise,* 116 Ariz. 557, 559, 570 P.2d 499, 501 (1977)(corpus delicti requires "reasonable inference that the crime charged was actually committed by some person"); *State v. Hernandez,* 83 Ariz. 279, 281, 320 P.2d 467, 468 (1958) ("It is ... the general rule that before the state can use a confession or incriminating statements of a defendant there must be submitted other evidence outside the confession or statements tending to prove corpus delicti, i.e., that someone committed the crime with which the defendant is charged and which he has confessed or admitted.").

¶ 17 In Flores' case, there was no question that sufficient proof was presented that "a crime" had occurred. But no proof was presented from which a reasonable inference could be drawn that the crimes charged—possession for sale and transportation for sale—had been committed.

¶ 18 The State adds that the reasoning in *Cobelli* is suspect because, in Arizona, the facts of that case would establish a reasonable inference of an intent to deliver. The important factor in *Cobelli* for the purpose of this case, however, is not whether an Arizona court would have reached the same conclusion whether the facts supported a reasonable inference but, rather, that the court required such a showing at all for that element.

¶ 19 A showing of facts permitting a reasonable inference for the "sale" element was necessary to establish the corpus delicti for the crimes charged. Unlike the defendants in *Cobelli* and *DiSabatino,* Flores did not even have the small amount of crack cocaine he was carrying packaged, let alone in the separate baggies usual for sale. He was carrying virtually no money. There is no evidence that "Chango" existed. No law-

enforcement officer observed or heard Flores engage in any conversations suggesting drug-trafficking and the area was not known for drug trafficking. In short, as the State itself recognizes, without Flores' confession, there is no case of possession of narcotics for sale. As such, we find no error in the trial court's conclusion that a showing of the element of "sale" was not made.

¶ 20 The State also argues that the trial court erred in suppressing Flores' statements because they were admissible to show knowledge of possession on the lesser-included charge of possession of narcotic drugs. The State has waived this argument by failing to raise it in the trial court, *State v. Flannigan*, 194 Ariz. 150, 153 ¶ 15, 978 P.2d 127, 130 (App.1998), but, given that the charges were dismissed without prejudice, the State may pursue any charges it deems appropriate.

¶ 21 The State also argues that the trial court erred in addressing the corpus-delicti requirement in a pretrial motion to suppress. Again, the State failed to raise this argument in the trial court and so has waived it. *Id.*

¶ 22 Even had the State not waived the issue, there is no prejudice to the State in the trial court's consideration of the matter when and as it did. While the State has until it rests its case at trial to establish the corpus delicti, *Jones*, 198 Ariz. at 23 ¶ 14, 6 P.3d at 328, in this case, the State stipulated to the facts and gave no indication that any relevant additional evidence might be forthcoming at trial. Indeed, even on appeal, the State does not argue that it might have developed additional evidence.

## CONCLUSION

¶ 23 Affirmed.

CONCURRING: REBECCA WHITE BERCH and MICHAEL D. RYAN, Judges.