NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

WILLIAM ARTHUR CRAWFORD, *Appellant*.

No. 1 CA-CR 15-0699
FILED 7-12-2016

Appeal from the Superior Court in Mohave County
No. S8015CR201401065
The Honorable Steven F. Conn, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Janelle A. McEachern, Chandler
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Randall M. Howe delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

**H O W E**, Judge:

¶1          This appeal is filed in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969). Counsel for William Arthur Crawford has advised this Court that she found no arguable questions of law and asks us to search the record for fundamental error. Crawford was convicted of sale of a dangerous drug and possession of drug paraphernalia. Crawford was given an opportunity to file a supplemental brief in propria persona; he has not done so. After reviewing the record, we affirm Crawford's convictions and sentences.

## FACTS AND PROCEDURAL HISTORY

¶2          We view the facts in the light most favorable to sustaining the judgment and resolve all reasonable inferences against Crawford. *See State v. Fontes*, 195 Ariz. 229, 230 ¶ 2, 986 P.2d 897, 898 (App. 1998).

¶3          On August 4 through 6, 2014, a detective and his partner were conducting surveillance at a hotel. On August 6, they saw several people go up to a hotel room and then leave shortly after. Suspecting that the room's occupant, later identified as Crawford, was selling drugs, the detective drafted a search warrant. While executing the warrant, the detective encountered Crawford smoking in the hotel's breezeway. The detective explained that he had a search warrant for Crawford's room and asked whether everything in the room belonged to him. Crawford responded yes.

¶4          Inside the room, the police found a digital scale, plastic baggies, a large glass bong, a butane bottle with a torch on it, two glass pipes, two metal tubes, a dipping straw, and scissors. A subsequent analysis of the glass pipes, digital scale, and bong showed that they contained methamphetamine residue. The police also examined Crawford's text messages, including those he sent and received from August 4 through 6. For example, on August 4, Crawford sent a text message asking, "U looking." The recipient replied, "Sure am," and Crawford responded, "How much." The recipient replied, "Twenty"; Crawford told the recipient his hotel name and room number. The recipient then asked, "Can I get a T for 50?" to which Crawford replied, "Yeah, then we are even" and "Yes, your debt will be cleared."

¶5          Crawford was arrested and taken to the police station for an interview that same day. After Crawford was reminded of his *Miranda*[1]

---

[1]     *Miranda v. Arizona*, 384 U.S. 436 (1966).

rights, Crawford told the detective, the same detective that drafted the search warrant and that he had encountered in the hotel breezeway, that he used about a gram of methamphetamine a day. Asked whether he sold "dope," Crawford responded that he was "a quarter ounce" dealer and that he sold "dope" out of the hotel room the night before.

¶6        Crawford then explained his sales during the prior days to the detective. Crawford said that a couple people had wanted him to "front" them drugs the night before, but he did not have more than a "ball," so he did not. Crawford also told the detective that last night, he had sold three grams to "Andy," a friend, and Andy paid $50, but owed $50. Crawford explained that he was waiting for the money "to go and reup" because Andy was his primary buyer. Crawford also told the detective that another friend came by and he gave that friend about 0.2 gram for free. Crawford further said that yesterday during the day, he had a "quarter ounce" and had sold to Andy another "ball" for $100.

¶7        When asked about two days ago, August 4, Crawford told the detective that he had a "quarter ounce" and had "reupped" the night before. When asked who he sold to that day, Crawford replied that he did not remember, but it was "to different people," including Andy. Crawford then went through the weights and his prices with the detective, including selling a "point" for $10, a "half T" for $40, and a "ball" for $100. Crawford explained that he "reupped" every two to three days. The State charged Crawford with sale of a dangerous drug and possession of drug paraphernalia.

¶8        Before trial, Crawford moved to suppress statements he made during his police interview because insufficient evidence supported a "corpus delicti" to create a reasonable inference that the crime he had been charged with had been committed. The corpus delicti rule requires that, before a person's incriminating statements may be used as evidence, the State must establish a reasonable inference that a certain result has occurred and that someone is criminally responsibile for that result, or, in other words, the State must establish that someone committed the crime with which the defendant is charged. *State v. Flores*, 202 Ariz. 221, 222 ¶ 5, 42 P.3d 1186, 1187 (App. 2002). At a hearing, the trial court deferred ruling on the motion until the State presented evidence at trial.

¶9        At trial, the detective who interviewed Crawford identified him, and the court admitted the video of Crawford's police interview over his objection. The court also admitted the text messages Crawford sent

during August 4 through 6, and the detective read them to the jury and explained the drug terminologies used.

¶10　　　　After the State rested its case-in-chief, Crawford moved for judgment of acquittal pursuant to Arizona Rule of Criminal Procedure 20, renewing his motion that insufficient evidence supported a corpus delicti to create a reasonable inference that anyone had committed the crime with which he was charged. The State responded that it had met the corpus delicti requirement, arguing that the text messages and the items found were independent evidence to establish that the crime was committed. Crawford replied that the State was merely using uncorroborated statements to corroborate each other and therefore had not met the corpus delicti requirement.

¶11　　　　After examining the text messages and items in evidence and reviewing the relevant case law, the court found that the State had proved corpus delicti and that a reasonable jury could find that Crawford committed the offenses. The court therefore denied Crawford's motion. The jurors found Crawford guilty of sale of a dangerous drug and possession of drug paraphernalia.

¶12　　　　The trial court conducted the sentencing hearing in compliance with Crawford's constitutional rights and Arizona Rule of Criminal Procedure 26. The court found no aggravating factors, but two mitigating factors: Crawford had no prior felony convictions and "minor evidence of an actual sale" existed. The court sentenced Crawford to concurrent terms of five year's imprisonment for the sales conviction and six month's imprisonment for the possession conviction, with 147 days' presentence incarceration credit, and to a consecutive term of eight month's community supervision. The court imposed fines and administrative fees.

## DISCUSSION

¶13　　　　We review Crawford's convictions and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512 ¶ 12, 260 P.3d 309, 312 (App. 2011). Counsel for Crawford has advised this Court that after a diligent search of the entire record, counsel has found no arguable question of law. We have read and considered counsel's brief and fully reviewed the record for reversible error, *see Leon*, 104 Ariz. at 300, 451 P.2d at 881, and find none. All of the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Crawford was represented by counsel at all stages of the proceedings, and the

sentences imposed were within the statutory guidelines. We decline to order briefing and affirm Crawford's convictions and sentences.

¶14 Upon the filing of this decision, defense counsel shall inform Crawford of the status of his appeal and of his future options. Counsel has no further obligations unless, upon review, counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584–85, 684 P.2d 154, 156–57 (1984). Crawford shall have 30 days from the date of this decision to proceed, if he desires, with a pro per motion for reconsideration or petition for review.

## CONCLUSION

¶15 For the foregoing reasons, we affirm.



Ruth A. Willingham · Clerk of the Court
FILED: AA