NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ABDULJUBAR JUBAR KAYMAZ, *Appellant.*

No. 1 CA-CR 24-0187

FILED 03-25-2025

Appeal from the Superior Court in Maricopa County
No. CR2020-131450-001
The Honorable Joshua Yost, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Tucson
By Diane L. Hunt
*Counsel for Appellee*

Kenney Law Firm, PLC, Florence
By Anthony Louis Kenney
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

---

**P A T O N**, Judge:

¶1        Abduljubar Jubar Kaymaz appeals from his convictions and sentences for drive-by shooting, aggravated assault, and misconduct involving weapons.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In the summer of 2020, Kaymaz agreed to repair the air conditioning in Kendra's[1] car.  Kendra's car keys later went missing and Kendra and her boyfriend, Geoff, believed Kaymaz may have taken them.  Sometime later, Kaymaz drove to Tina's (a friend of Kendra's) house and, while still in his car, showed Kendra and Geoff the missing keys but refused to return them.  Kaymaz then fired a gun at Geoff, hitting him three times.  Kaymaz threatened to shoot Kendra and then drove away.  Tina remained inside her house, watching the incident on her camera monitor.

¶3        Kendra and Tina called the police and identified Kaymaz from a photo lineup.  The police obtained a search warrant and drove to Kaymaz's address, where they saw Kaymaz get out of the same car he had been in when the incident occurred.  During the search, the police found a gun, as well as magazines containing ammunition inside the car.

¶4        Kaymaz was arrested and indicted on one count of drive-by shooting, two counts of aggravated assault (one count as to Geoff, and one as to Kendra), and one count of misconduct involving weapons.  During the six-day trial, the jury heard testimony from Kendra, Tina, Geoff, nine Mesa Police Department law enforcement officials, and an expert witness from the Mesa Police Department's Forensic Services Unit, as well as Kaymaz, who testified in his defense.  Kendra, Tina, and Geoff testified that Kaymaz shot Geoff. Kaymaz acknowledged that he shot Geoff, but testified that he did so in self-defense.

---

[1] We use pseudonyms to protect victim and witness identities.  Ariz. R. Sup. Ct. 111(i).

¶5        Kaymaz moved for a judgment of acquittal under Rule 20 of the Arizona Rules of Criminal Procedure, arguing the State did not present substantial evidence to warrant a conviction.  He argued the State never established he was physically located at the scene, nor did DNA or fingerprint evidence show he possessed the gun.  The court denied the motion.

¶6        The jury convicted Kaymaz of drive-by shooting, aggravated assault as to Geoff, and misconduct involving weapons.  It also found the State proved the aggravating circumstances of causing physical, emotional, or financial harm to the victim.  The jury acquitted Kaymaz of aggravated assault as to Kendra.  The court sentenced him to twelve years in prison, with 542 days of presentence incarceration credit.  Kaymaz timely appealed.  We have jurisdiction under Arizona Revised Statutes ("A.R.S.") Section 13-4033(A)(1).

## DISCUSSION

¶7        Kaymaz argues insufficient evidence supports his convictions.  He contends the evidence demonstrates he had no motive to commit the offenses, acted in self-defense, and the State "did not present substantial evidence beyond a reasonable doubt that [he] did not act in self-defense."  The State responds that Kendra's and Geoff's testimony that Kaymaz shot them without being provoked was sufficient to sustain Kaymaz's convictions, and the State was not required to establish Kaymaz's motive to commit the crimes.

¶8        We review claims of insufficient evidence de novo but view the facts in the light most favorable to upholding the verdict.  *See State v. West*, 226 Ariz. 559, 562, ¶ 15 (2011).  We reverse convictions for insufficient evidence "only if no substantial evidence supports the conviction."  *State v. Allen*, 235 Ariz. 72, 75, ¶ 6 (App. 2014) (citation omitted).  Substantial evidence is that which "reasonable persons could accept as sufficient to support a guilty verdict beyond a reasonable doubt."  *State v. Teagle,* 217 Ariz. 17, 27, ¶ 40 (App. 2007) (citation omitted).

¶9        To convict Kaymaz of drive-by shooting, the State had to prove Kaymaz intentionally discharged a weapon from a motor vehicle, and the discharge was at a person, another occupied motor vehicle, or an occupied structure.  A.R.S. § 13-1209(A).  Kaymaz argues that "there is no scientific evidence" establishing he used the gun because a detective testified that the gun had no fingerprints.  But establishing that Kaymaz used the gun does not depend on scientific evidence; Kaymaz's

admission—corroborated by Kendra's and Geoff's testimony that Kaymaz shot Geoff—supported the jury's findings that he used it. *See State v. Flores*, 202 Ariz. 221, 222, ¶ 5 (App. 2002). Further, Kaymaz testified that he shot Geoff from his car (albeit claiming he did so in self-defense), which in and of itself is sufficient to allow a reasonable jury to conclude that he used the gun. *State v. Williams*, 209 Ariz. 228, 231, ¶ 6 (App. 2004) (explaining that even where a record contains conflicting evidence, the jury alone "weigh[s] the evidence and determine[s] the credibility of the witnesses."). Thus, a reasonable jury could find Kaymaz committed drive-by shooting.

¶10 Substantial evidence also supports Kaymaz's conviction for aggravated assault of Geoff. To convict Kaymaz of aggravated assault using a deadly weapon, the State had to prove that Kaymaz "[i]ntentionally, knowingly or recklessly caus[ed] any physical injury to another person" or "[i]ntentionally [put] another person in reasonable apprehension of imminent physical injury" using a deadly weapon, which includes a firearm. A.R.S. §§ 13-1204(A)(2), -1203(A)(1), (2), -105(15). Although Kaymaz testified that he was not trying to fire the gun, he ultimately fired three bullets at Geoff—all of which hit Geoff, and admitted he "grabbed the handgun from [Geoff]" and "caus[ed] it to fire." Geoff testified that Kaymaz "fired two bullets that hit [his] left femur . . . and then a third one hit [his] left arm." As a result of his injuries, Geoff lost consciousness for nine days, "died twice," and needed surgical intervention to install a titanium bar in his left femur and multiple bolts in his knee and hand. A reasonable jury could have found Kaymaz guilty of aggravated assault.

¶11 Finally, substantial evidence supports Kaymaz's conviction for misconduct involving weapons. As applicable here, the State had to prove Kaymaz knowingly possessed a deadly weapon while he was a prohibited possessor. A.R.S. § 13-3102(A)(4). To "possess" property, such as a gun, a person must "knowingly . . . have physical possession or otherwise . . . exercise dominion or control over property." A.R.S. § 13-105(34). Kaymaz testified that he had a prior felony conviction and did not have his rights restored. And the State admitted into evidence a certified memorandum from the Maricopa County Clerk of Court's office, which noted that it had no records indicating Kaymaz's right to possess firearms had been restored. The State also presented evidence that Kaymaz exercised control over the weapon based on the testimony of Kendra, Geoff, and Kaymaz himself. A jury could reasonably conclude from this evidence that Kaymaz was guilty of misconduct involving weapons.

**¶12** Kaymaz argues that the State's witnesses were not credible and provided inconsistent testimony. But assessing witness credibility is solely within the jury's province, and we will not reweigh its findings of credibility or how it evaluates conflicting evidence. *State v. Barger*, 167 Ariz. 563, 568 (App. 1990); *see Williams*, 209 Ariz. at 231, ¶ 6.

## CONCLUSION

**¶13** Substantial evidence supports Kaymaz's convictions. We affirm.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**: JR