**Max Leon REAY, Appellant,**

v.

**John W. TURNER, Warden, Utah State Prison, Appellee.**

**No. 8474.**

United States Court of Appeals
Tenth Circuit.

Feb. 4, 1966.

Walter O. Cass, Denver, Colo., for appellant.

Ronald N. Boyce, Chief Asst. Atty. Gen., Salt Lake City, Utah (Phil L. Hansen, Atty. Gen., Salt Lake City, Utah, on the brief), for appellee.

Before MURRAH, Chief Judge, and PICKETT and SETH, Circuit Judges.

PER CURIAM.

The petitioner is imprisoned in the Utah State Prison following a conviction for assault with a deadly weapon with intent to commit robbery, and for being "a habitual criminal." He filed a petition for writ of habeas corpus with the United States District Court for the District of Utah which asserts that he was

found guilty on the above charges but that the judgment and commitment are invalid for want of due process. He further asserts that he was denied the right of "the Writ of Habeas Corpus in violation of Art. 1, Sec't. 9, Paragraph 2, of the Constitution of the United States." He also asserts that he has been denied his civil rights. The petitioner attached to his petition a copy of a petition which he had theretofore filed with the State District Court of the Third Judicial District for Salt Lake County, Utah. He recites that this state application was pending for some six months, that he thereupon filed petition for writ of mandamus with the Utah Supreme Court. The latter application, he states, has been pending for more than thirty days, and he has received no word of action taken upon it. There is also reference to an earlier document which is entitled "Motion to Vacate Sentence and Judgment." He asserts that this was mailed and filed, but there is no indication that it was actually so filed. No action was taken by any court upon this motion. It was directed to the same court in which he filed his state petition for habeas corpus.

The United States District Court denied the petition on the ground that the petitioner's application for a writ was still pending before the Supreme Court of Utah and that an unreasonable time had not elapsed since its filing and consequently he had not exhausted his state remedies. The court further found that other and further state remedies are still available to the petitioner.

An examination of the petition for a writ of habeas corpus filed with the Utah state court indicates that petitioner was asserting purely state rights. He complained that the information as to the habitual criminal charge was insufficient under the Utah Habitual Criminal Act, and further that the judgment finding him to be a habitual criminal was void because there was no such offense in the state of Utah. He further apparently, although it is not entirely clear, objects to the information filed on the assault charge. He asserts in his petition before the United States District Court that the total of these matters constitutes a violation of the due process clause. He also states that the delay by the Utah courts in considering his various petitions also constitutes a violation of the federal constitution, as decribed above.

We agree with the trial court that the record demonstrates that petitioner has not exhausted the state remedies that are made available to him by the state of Utah, and that at the time this petition was filed an action was pending in the Utah Supreme Court. The decision of the trial court is in accord with 28 U.S.C. § 2254; Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837; Giles v. Merrill, 322 F.2d 786 (10th Cir.); Henry v. Tinsley, 344 F.2d 109 (10th Cir.), and Finan v. Crouse, 352 F.2d 507 (10th Cir.).

The petition of appellant filed with the Utah state courts sets forth no facts showing a violation of federal constitutional rights. The adequacy of a state information or indictment does not without more constitute such a ground.

Affirmed.