**William Layton LAM, Petitioner,**

v.

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 67–C–13–H.**

United States District Court
W. D. Virginia,
Harrisonburg Division.

May 31, 1967.

Reno S. Harp, III, Asst. Atty. Gen., Richmond, Va., for respondent.

OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court upon a petition for a writ of habeas corpus, filed *in forma pauperis* by a State prisoner, pursuant to 28 U.S.C. § 2254.

Petitioner is currently serving a term of twenty years in the Virginia State Penitentiary, pursuant to a conviction for statutory rape by the Circuit Court of Page County, Virginia, on May 23, 1960. At his trial petitioner was represented by court appointed counsel. Petitioner waived his right to trial by jury and entered a plea of guilty. No appeal was taken from petitioner's conviction.

A habeas corpus hearing was conducted by the Circuit Court of Page County on January 24, 1966, as a result of a petition by the prisoner. Petitioner was represented by court appointed counsel and was afforded an opportunity to present testimony in his own behalf. The writ was denied by an order entered January 24, 1966. Petitioner's writ of error to the Supreme Court of Appeals of Virginia was denied on March 7, 1967.

Petitioner now seeks a writ of habeas corpus from this court alleging essentially the same errors he raised in his State court hearing. His first allegation is that he was denied representation by the counsel of his choice. The second allegation is that petitioner was not confronted by the witnesses. He further alleges that his plea of guilty was not voluntary and that he did not waive his right to trial by jury.

The record reveals the following basic facts:

Petitioner was arrested on March 9, 1960, upon a warrant charging petitioner with being disorderly. After being advised of his rights, petitioner voluntarily confessed that he had sexual intercourse with three female children under the age of sixteen years. On March 10, 1960 a warrant was issued charging the petitioner with statutory rape. The grand jury of Page County returned an indictment charging petitioner with three counts of statutory rape. The court appointed counsel to represent petitioner, and he entered a plea of not guilty. After consulting with his counsel, petitioner later changed his plea to guilty. On April 4, 1960 the petitioner was tried by the court and found guilty. The court sentenced petitioner to serve a term of twenty years in the Virginia State Penitentiary on each of the three counts of the indictment, the terms to run concurrently.

There is no foundation in law for petitioner's allegations that he was denied court appointed counsel of his choice, and was not confronted by the witnesses when he entered a plea of guilty. Petitioner at no time expressed dissatisfaction with his court appointed counsel, and the trial court need not inquire of petitioner whether his appointed counsel is suitable to him. If petitioner had a valid doubt as to the propriety of the appointed counsel, he need only express this doubt to the trial court. The burden is not on the court to secure petitioner's approval before appointing counsel. An indigent defendant has the right to appointed counsel, but he does not have the right to dictate his choice of counsel to the court. Wilson v. United States, 215 F.Supp. 661 (W.D.Va.1963); United States ex rel. Allen v. Rundle, 233 F.Supp. 633 (E.D. Pa.1964).

Petitioner's allegation that he was not confronted by the witnesses is equally frivolous. Petitioner has no right to be confronted by witnesses when he enters a plea of guilty. Petitioner further alleges that the corpus delicti could not be established without testimony from the witnesses, and thus the trial court erred in convicting him on the sole basis of his confession. This is not a case, as in Lucas v. Commonwealth, 201 Va. 599, 112 S.E.2d 915 (1960), where the corpus delicti must be established in order to admit an *extra-judicial* confession. Here, the petitioner entered a formal plea of guilty. "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." Kercheval v. United States, 274 U.S. 220, 223, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927).

The remaining allegation that petitioner did not voluntarily enter a

plea of guilty and waive a jury trial, is supported only by petitioner's statements. Petitioner's attorney testified that he was certain that he had advised petitioner of his rights, and that the decision to plead guilty was petitioner's voluntary decision. The record discloses that before accepting the guilty plea, the trial court questioned petitioner as to whether he understood his rights. In the face of such evidence, this court feels that there is no serious question as to the voluntariness of petitioner's plea, and there is no need for a plenary hearing.

For the reasons stated in this opinion and upon mature consideration of the facts relied upon by petitioner in the case at bar, this court feels that the allegations are without merit.

Therefore, it is hereby adjudged and ordered that the petition for habeas corpus be, and hereby is denied. A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.