**Earl DAY, Petitioner,**

**v.**

**C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.**

**Civ. A. No. 69-C-11-L.**

United States District Court
W. D. Virginia,
Lynchburg Division.

July 9, 1969.

**222**

W. Luke Witt, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for habeas corpus filed by Earl Day who is currently confined to the Virginia State Penitentiary as a result of the sentence imposed on April 7, 1955, in the Corporation Court, Lynchburg, Virginia on the charge of attempted rape after a plea of guilty and for a term of life.

■ The petition, filed *in forma pauperis* pursuant to the provisions of 28 U.S.C.A. § 2241, was originally filed in the United States District Court for the Eastern District of Virginia and transferred to this court by order dated March 21, 1969. Petitioner did not appeal from the conviction, but subsequently sought a writ of habeas corpus in the State Court on essentially the same grounds that are presently alleged before this court. After a full plenary hearing the Lynchburg Corporation Court denied the writ, and on appeal that decision was affirmed by the Virginia Supreme Court of Appeals. Thus petitioner has exhausted his state remedies in compliance with the provisions of 28 U.S.C.A. § 2254 as interpreted by Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1962).

Petitioner was originally found guilty of sodomy, robbery and attempted rape in the Corporation Court, Lynchburg,

Virginia and sentenced to three years, eight years, and death by electrocution, respectively, June 18, 1954. All three cases were tried together by consent of the parties. Petitioner, by counsel, appealed to the Supreme Court of Appeals of Virginia which granted a writ of error, reversed the judgment, and remanded the cases for new trial, March 23, 1955. Day v. Com., 196 Va. 907, 86 S.E.2d 23. Upon retrial the Lynchburg Corporation Court, on a plea of guilty, sentenced petitioner to life imprisonment for the crime of attempted rape, April 7, 1955. Concerning the proceeding of April 7, 1955, petitioner hereby filed a writ of habeas corpus alleging:

1. Double jeopardy.

2. The original indictment of March 1, 1954 was relied on by the prosecutor for the state in the proceeding of April 7, 1955 and did not specify sodomy or rape.

3. Petitioner's constitutional rights were violated under the Fifth Amendment to the Constitution of the United States in that no person is compelled to be a witness against himself.

4. That the Honorable S. Duval Martin presided as judge at both the trial, June 18, 1954, and the retrial, April 7, 1955, and that petitioner had a right to object to the qualifications of the trial judge on the ground of prejudice.

5. Petitioner's constitutional rights were violated under the Sixth Amendment to the Constitution of the United States in that he was not confronted by the witnesses for the prosecution on retrial.

6. And, that petitioner received ineffective representation by counsel in violation of the Fourteenth Amendment to the Constitution of the United States.

█ Petitioner in his first allegation alleges double jeopardy. It is well settled that by seeking a new trial, the accused waives the benefit of the plea of double jeopardy of the degree of criminal responsibility of which he was found guilty and can, on another trial, be found guilty of that or any lesser degree of criminal responsibility for his act. Stuart v. Commonwealth, 69 Va. (28 Grat.) 950 (1877).

█ Petitioner alleges that he was retried on the same indictment returned in 1954 and that indictment did not specify either the crime of sodomy or robbery. Petitioner's second allegation is absolutely without merit in any respect. True bills were returned on all three charges in 1954. All three cases were tried together and petitioner pleaded guilty in each instance in 1955. Even if no indictments for sodomy and robbery had been returned in 1954, the question is moot. Petitioner has already served more than eleven years, the total sentence imposed for the crimes of sodomy and robbery. In addition, the inadequacy of an indictment does not, without more, constitute a violation of a federal constitutional right which will create a ground for federal habeas relief. Reay v. Turner, 356 F.2d 418 (10th Cir. 1966). The writ of habeas corpus will not lie as a substitute for a writ of error.

█ The record shows that petitioner appeared before the trial court April 7, 1955, with counsel and, after the court explained the nature of the charge against him and the punishment therefor, and after consultation with and advice of his attorney, petitioner of his own free will and in his own proper person pleaded guilty, absent any duress or compulsion. Petitioner was free to plead not guilty and was in no way compelled to testify against himself. The constitutional protection against self-incrimination applies only to testimonial compulsion. This court finds no substance in the third allegation.

█ Petitioner's fourth allegation is also without substance. He alleges that on retrial he had the right to object to the qualifications of the trial judge. If this allegation is correct, there is nothing in the record to show that this privilege was in any way denied petitioner. Petitioner never asked that the privilege be exercised, and the objection

of disqualification of a judge may be waived.  Coltrane v. Templeton, 106 F. 370 (4th Cir. 1901).

Petitioner bases his fifth allegation on his constitutional right to be confronted by the witnesses for the prosecution.  A person has no right to be confronted by witnesses when he enters a plea of guilty.  Lam v. Peyton, 268 F. Supp. 253 (W.D.Va. 1967).

The sixth and final allegation arising out of the petition is that of ineffective representation.  The court sees no merit in this allegation.  One who seeks release by a writ of habeas corpus on the ground of negligence and incompetence of the attorney who, by appointment of the court, conducted his defense, which amounted to a denial of his right to the assistance of counsel under the Sixth Amendment to the Constitution of the United States, has the burden of proving the charge made.  Holloway v. Welch, 160 F.2d 575 (4th Cir. 1947).  Petitioner introduced no evidence of incompetency and has not, therefore, met the burden of proof.

For the foregoing reasons it is adjudged and ordered that the petition be dismissed and the writ denied.