570 P.2d 499

**STATE of Arizona, Appellee,**

v.

**Lester Lloyd JANISE, Appellant.**

**No. 3860.**

Supreme Court of Arizona,
In Banc.

Oct. 5, 1977.

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Criminal Div., Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

John C. Jennings, Phoenix, for appellant.

GORDON, Justice.

This is an appeal from a conviction for second degree burglary, a violation of A.R.S. § 13–302. Appellant's counsel submitted briefs as required by *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Additionally, we have reviewed the entire record for error pursuant to the mandate of A.R.S. § 13–1715.

The relevant facts, which appear in the arresting officer's report, show that appellant and Vern Miguel were observed as they approached a parked pick-up truck. Upon reaching the rear of the vehicle, appellant opened the door to the camper, reached in, and removed a twelve volt battery. The officers stopped the two suspects after they had proceeded about 100 yards along the nearby railroad tracks, and requested a production of identification. Appellant, unable to produce personal identification, claimed the vehicle belonged to him, the registration being in the glove compartment. The officers and suspects proceeded to the truck; however, after looking inside the glove compartment, appellant stated he could not locate the registration. At this point, the officers ran a check on the suspects and the vehicle. While waiting for the completion of the check, the officers inquired as to where appellant was taking the battery. "To get it charged," was the response. With each additional question, appellant became more nervous. When one of the officers checked under the hood of the vehicle, discovering a good battery attached to the electrical system, appellant changed his story to one of selling the battery rather than having it recharged. When asked if he had the keys to the vehicle, appellant replied "his woman" had them. An officer then personally checked the glove compartment and found the vehicle registration, which did not indicate appellant as owner. Appellant then claimed he had purchased the vehicle from someone else, but could not remember their name nor where they lived. At this point, both suspects were advised of their *Miranda*[1] rights. After an officer indicated he would check whether appellant had purchased the vehicle, appellant stated "Okay if I tell the truth, will you give me a break? I'll put the battery back." "Just tell the truth," was the reply. Appellant then admitted to the burglary, stating he intended to sell the battery. Nothing in the report indicated appellant was intoxicated at that time.

After pleading not guilty, appellant waived the preliminary hearing and agreed to submit the case to the court solely on the contents of the police report. He was found guilty, and placed on probation for five years. An appeal was filed, we take jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, Rule 47(e).

Four issues were raised, or discerned by this Court:

(1) Whether the court's failure to apprise appellant of the range of possible sentences violated his right of due process;

(2) Whether sufficient independent evidence of the corpus delicti existed to permit the use of appellant's confession;

(3) Whether the trial court abused its discretion by not ordering evaluation and treatment of appellant pursuant to A.R.S. § 36–2027; and

(4) Whether the condition of probation prohibiting consumption of intoxicating liquor to an excess constitutes cruel and unusual punishment.

*Range of Sentence*

■ The submission of the case for a determination based solely on the police departmental report containing appellant's admission is, without question, tantamount to a plea of guilty. *State v. Garcia,* 115 Ariz. 535, 566 P.2d 683 (1977). Although the trial court complied with *Boykin v. Alabama,* 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the record does not indicate appellant's being informed of the range of possible sentences. This omission is fatal. *State v. Hooper,* 107 Ariz. 327, 487 P.2d 394 (1971); Rule 17.2, Rules of Criminal Procedure, 17 A.R.S. Accordingly, we

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

order the cause be remanded to the Superior Court and direct an evidentiary hearing be held to determine whether appellant was aware, prior to the submission, of the possible range of sentence. The trial court shall then report its findings of fact to this Court within 30 days of the issuance of the mandate.

### Corpus Delicti

■ If, as is alleged, the police departmental report lacked sufficient independent evidence to warrant a reasonable inference that the crime charged was actually committed by some person, then appellant's "confession" in the report could not be used. *State v. Hernandez,* 83 Ariz. 279, 320 P.2d 467 (1958). To be sufficient, the evidence must show (1) proof of a result, and (2) that someone is criminally responsible. However, only a reasonable inference of the corpus delicti must exist, it need not be proven beyond a reasonable doubt before the confession may be considered. *State v. Wilson,* 113 Ariz. 145, 548 P.2d 23 (1976); *State v. Hinkle,* 26 Ariz.App. 561, 550 P.2d 115 (1976). The police officers witnessed appellant reach into the camper and remove a battery. When questioned, appellant was unable to demonstrate any indicia of ownership for the vehicle which was registered in another's name. Appellant accedes entry was proven, and only questions whether the evidence is sufficient to create an inference of the requisite intent, "to commit grand or petty theft, or any felony * * *". A.R.S. § 13–302. Since intent may be shown by circumstantial evidence, such as by a subsequent criminal act, *State v. Rood,* 11 Ariz.App. 102, 462 P.2d 399 (1969); *see also Gibson v. State,* 25 Ariz. 236, 215 P. 729 (1923), the taking of another's battery coupled with the entry is sufficient to infer the corpus delicti. *State v. Flores,* 9 Ariz.App. 502, 454 P.2d 172 (1969).

### A.R.S. § 36–2027

■ A.R.S. § 36–2027 states, *inter alia:*
"A. A court may order an evaluation and treatment at an approved treatment facility of a person who is brought before the court and charged with a crime if:

"1. It appears that such person is an alcoholic, and

"2. Such person, after being advised of his privilege to undergo evaluation and treatment, chooses the evaluation and treatment procedures.

"The court shall in no event order the person to undergo treatment and evaluation for in [sic] excess of thirty days.

\*    \*    \*    \*    \*    \*

"D. * * * Upon completion of the evaluation and treatment, and detention, if any, the defendant shall be returned to the court * * * and proceedings on the criminal charge or charges shall be resumed or dismissed * * *.

\*    \*    \*    \*    \*    \*

Both parties recognize the language of the statute renders its exercise discretionary with the trial court. Yet, appellant asserts the trial court failed to use *any* discretion, relying on *United States v. Williams,* 407 F.2d 940 (4th Cir. 1969). In *Williams,* the record was void of any reference to the Narcotic Addict Rehabilitation Act of 1966, 18 U.S.C. § 4251 et seq., leading the Court of Appeals to the conclusion that

"The district judge here did not exercise his discretion under the Act for the simple reason that it was not sufficiently called to his attention to make him aware of his discretion and his responsibility for the exercise of it." 407 F.2d at 944.

The record *sub judice* demonstrates A.R.S. § 36–2027 was taken under advisement by the court, although, for reasons not appearing in the record, it chose not to utilize the available option. Generally, we will not disturb the exercise of a lower court's discretion unless it is plainly wrong. *Visco v. Universal Refuse Removal Co.,* 11 Ariz.App. 73, 462 P.2d (1969); *Martin v. Rossi,* 18 Ariz.App. 212, 501 P.2d 53 (1972). Since the record contains no evidence of the trial court's rationale for not ordering an evaluation, we will not presume an abuse of discretion from the facts of this case.

**560**

*Cruel and Unusual Punishment*

Lastly, appellant questions, "Is it cruel and unusual punishment to impose a condition of probation not to drink intoxicating liquors to excess without first ordering evaluation and treatment of an alcoholic?" It is not disputed that the burglary, even if motivated by a craving for another cocktail, may be appropriately punished. *Powell v. State of Texas,* 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968). If one may constitutionally be imprisoned without alcohol, we are unable to discern, based on the sparse record before us, why Mr. Janise may not be permitted the alternative of probation without excessive intoxicants. The only illumination which the briefs have shed on the issue is appellant's analogy that "it seems inconceivable that after a court finds an indigent person guilty of theft of prescription drugs, without funds to buy, it would then impose a term of probation that he not be found in a condition suffering the disease for which the stolen medicine was intended to aid relief". We do not believe alcohol (for which the battery purportedly was to be sold) is the proper medicine to treat alcoholism. On the contrary, it would seem any incentive which a court could offer would be helpful to appellant's future moderation. Even assuming appellant's being an alcoholic, the terms of his probation are not violative of the cruel and unusual punishment prohibition,[2] for it only attempts to regulate his use of alcohol, not punish his "status" as an alcoholic. *See Robinson v. State of California,* 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed.2d 758 (1962); *United States v. Moore,* 158 U.S.App.D.C. 375, 486 F.2d 1139 (1973); *State v. O'Donnal,* 110 Ariz. 552, 521 P.2d 984 (1974).

Although we appreciate the severity of Arizona's alcohol related problems, *see e. g.* Arizona Legislative Council Interim Committee on Alcoholism and Drug Abuse Report (1970), based on the record before us, we could not conclude the trial court's decision to not order an evaluation of appellant was an abuse of discretion. Additionally, the facts within the police departmental report supported an inference of the corpus delicti, permitting the use of appellant's confession as proof of the crime charged. However, because the record does not adequately demonstrate appellant's being informed of the possible range of sentences, we remand this case for additional proceedings in accordance with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., HAYS and HOLOHAN, JJ., concur.

---

2. U.S.Const. Amend. VIII.