787 P.2d 1072

**The STATE of Arizona, Appellant,**

v.

**Karen Cein GUTTERSEN, Appellee.**

**No. 2 CA–CR 89–0066.**

Court of Appeals of Arizona, Division 2, Department A.

Sept. 12, 1989.

As Corrected Oct. 20, 1989.

Reconsideration Denied Oct. 25, 1989.

Review Denied March 20, 1990.*

Stephen D. Neely, Pima County Atty. by Lola C. Rainey, Tucson, for appellant.

Susan Kettlewell, Pima County Public Defender by John F. Palumbo, Tucson, for appellee.

### OPINION

HOWARD, Judge.

### FACTS AND PROCEDURE IN TRIAL COURT

The defendant was indicted by a grand jury on one count of burglary in the third

---

* Gordon, C.J., and Feldman, V.C.J., of the Su-    preme Court, voted to grant review.

degree, a class 4 felony. The state alleged that defendant committed this offense with one prior felony conviction for shoplifting and while she was on probation for that conviction.

Defendant subsequently moved the trial court, pursuant to A.R.S. § 36–2027(A), for an order that she be evaluated and treated for alcoholism at an approved treatment facility. After an evidentiary hearing on the motion the trial court found that defendant was an alcoholic, granted the motion, suspended the prosecution and set a review hearing to be held approximately 28 days later. Three days prior to the date of the review hearing, defendant filed a motion to dismiss the prosecution which the trial court granted, over the objection of the state, at the conclusion of the review hearing. In granting the motion to dismiss without prejudice, the trial court found that A.R.S. § 36–2027(D) was ambiguous on the question of whether the trial court had the sole power to dismiss under that statute, but that the ambiguity was clarified by the case of *State v. Janise*, 116 Ariz. 557, 570 P.2d 499 (1977), where, according to the trial court, the Arizona Supreme Court held that the trial court had the sole power to dismiss under the statute.

## CONTENTION OF THE PARTIES

The state contends (1) the trial court incorrectly construed A.R.S. § 36–2027(D), which must be construed to permit a court to dismiss the charge only with the consent of the state; (2) the trial court's construction of the statute is erroneous because it conflicts with A.R.S. § 13–604 (mandatory sentencing), A.R.S. § 13–503 (intoxication defense) and A.R.S. § 13–702 (mitigating factors); (3) the trial court's construction of the statute violates state and federal constitutional provisions pertaining to separation of powers and (4) the legislative history of A.R.S. § 36–2027 shows that the legislature intended that only petty intoxication offenses be subject to dismissal under A.R.S. § 36–2027(D).

The defendant relies heavily on State v. Janise, surpa, and contends that most of the arguments by the state should not be considered by us because they were not presented in the trial court. We shall discuss those arguments which the record discloses were made below.

## DISCUSSION

A.R.S. § 36–2027 is part of Arizona's Alcohol And Drug Abuse Act, A.R.S. §§ 36–2001 et seq. In writing the Act, the Arizona Legislature borrowed some, but not all, of the provisions of the Uniform Alcoholism and Intoxication Treatment Act, 9 U.L.A. 79 (1971). Section 1 of the Uniform Act states:

It is the policy of this State that alcoholics and intoxicated persons may not be subjected to criminal prosecution because of their consumption of alcoholic beverages but rather should be afforded a continuum of treatment in order that they may lead normal lives as productive members of society.

The comment to the Uniform Act states that the section is intended to preclude the handling of drunkeness under any of the wide variety of petty criminal offense statutes, such as loitering, vagrancy, disturbing the peace and so forth.

The Arizona Act does not contain the foregoing section or comment. However, the legislature added A.R.S. § 36–2027 which is not contained in the Uniform Act. It provides in pertinent part:

A. A court *may order* an evaluation and treatment at an approved treatment facility of a person who is brought before the court and *charged with a crime* if:

1. It appears that such person is an alcoholic, and

2. Such person, after being advised of his privilege to undergo evaluation and treatment, chooses the evaluation and treatment procedures.

\* \* \* \* \* \*

D. If the court issues an order for evaluation and treatment as provided in this section, proceedings on the criminal charge or charges then pending in the court from which the order for evaluation and treatment issued shall be sus-

pended until such time as the evaluation and treatment of the defendant and the subsequent detention of the defendant, if any, are completed. Upon completion of the evaluation and treatment, and detention, if any, the defendant shall be returned to the court where the order for evaluation and treatment was made *and proceedings on the criminal charge or charges shall be resumed or dismissed.* No charge or charges shall be dismissed based on defendant's failure to receive a speedy trial. * * *

(Emphasis added.)

 We find nothing in A.R.S. § 36-2027(D) which gives to the trial court the power to dismiss the criminal charges without the consent of the state. We believe that if the legislature had intended such a drastic and unusual measure it would have explicitly said so.[1] This statute does not take away the discretion of the prosecutor, who has the sole discretion whether to file charges or refuse to charge. See *State v. Buchholz*, 139 Ariz. 303, 678 P.2d 488 (App.1983). In short, we see nothing in A.R.S. § 36-2027 which gives the trial court the sole discretion to excuse alcoholics from their crimes.[2] Even a person who commits a crime while voluntarily intoxicated is not excused from his criminal conduct. See A.R.S. § 13-503. We do not believe the legislature gave the numerous trial judges of this state the discretion to pick and choose which alcoholics would be prosecuted.

The trial court's and the defendant's reliance on *State v. Janise*, supra, is misplaced. The court in that case did not hold that the trial court had the power to dismiss the criminal charges. In *Janise*, the trial court did not order an evaluation of the defendant under A.R.S. § 36-2027(A) and the supreme court, when it stated that "both parties recognize the language of the statute renders its exercise discretionary with the trial court," 116 Ariz. at 559, 570 P.2d at 501, was referring to subsection (A) which states, "[a] court *may* order an evaluation and treatment...." and not to subsection (D).

The order dismissing the case is vacated is remanded for further proceedings.

ROLL, P.J., and HATHAWAY, J., concur.

---

1. In view of our disposition of this case we need not decide whether or not giving the judge such power would violate any constitutional provisions dealing with separation of powers.

2. Under A.R.S. § 36-2021, an alcoholic is defined as

   ... a person who habitually lacks self-control with respect to the use of alcoholic beverages or who uses alcoholic beverages to the extent that his health is substantially impaired or endangered or his social or economic functions are substantially disrupted.

