IN THE COURT OF APPEALS
STATE OF ARIZONA
DIVISION TWO

FILED BY CLERK

JAN 18 2007

COURT OF APPEALS
DIVISION TWO

| | | |
|---|---|---|
| THE STATE OF ARIZONA, | ) | |
| | ) | 2 CA-CR 2006-0050-PR |
| Respondent, | ) | DEPARTMENT A |
| | ) | |
| v. | ) | O P I N I O N |
| | ) | |
| CESAR FRANCISCO RUBIANO, | ) | |
| | ) | |
| Petitioner. | ) | |
| | ) | |

PETITION FOR REVIEW FROM THE SUPERIOR COURT OF PIMA COUNTY

Cause No. CR-20023485

Honorable Howard Fell, Judge Pro Tempore

REVIEW GRANTED; RELIEF DENIED

Barbara LaWall, Pima County Attorney
  By Nicol Green                                                          Tucson
                                                        Attorneys for Respondent

Robert J. Hooker, Pima County Public Defender
  By Kristine Maish                                                       Tucson
                                                         Attorneys for Petitioner

P E L A N D E R, Chief Judge.

¶1 Pursuant to a plea agreement, petitioner Cesar Francisco Rubiano was convicted of attempted sexual conduct with a minor, a class three dangerous crime against children. Thereafter, Rubiano sought post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P., 17 A.R.S., raising various claims. He argued the factual basis for the guilty plea was insufficient because, inter alia, there was no evidence of the corpus delicti independent of his admissions at the change-of-plea proceeding. In this opinion, we only address the issue of whether the corpus delicti rule applies in the context of a guilty plea. We hold that it does not. In a separate memorandum decision filed simultaneously with this opinion, *see* Rule 111(h), Ariz. R. Sup. Ct., 17A A.R.S.; Rule 31.26, Ariz. R. Crim. P., 17 A.R.S., we address Rubiano's other claims and conclude they, like the claim addressed in this opinion, do not entitle him to post-conviction relief.

¶2 Rubiano was charged by indictment with three counts of sexual conduct with a minor under the age of fifteen, class two dangerous crimes against children. The victim was his stepdaughter, who had been seven and eight years old at the time of the alleged offenses. On the second day of trial in September 2003, Rubiano changed his plea of not guilty and entered a guilty plea pursuant to a plea agreement.

¶3 During the change-of-plea colloquy, the trial court first informed Rubiano of the sentences he would face if he were to proceed to trial and if the jury were to find him guilty of all charges. The court also informed him of the potential consequences of pleading guilty to attempted sexual conduct with a minor. The court gave Rubiano additional information, reviewing the rights he would be waiving by entering the guilty plea and asking

him a panoply of questions to ensure his guilty plea was knowing, voluntary, and intelligent. The court then asked Rubiano, "At any time between March of 2001 and August of 2002 did you ever touch [the victim's] private parts?" Rubiano responded, "Yes." He again answered affirmatively when the court asked him, "And when you did that, did you attempt to put your finger inside of her body?" The court also asked Rubiano if he had reviewed the victim's statements and other evidence the state had compiled and whether Rubiano thought, if the victim and other witnesses testified, "there's a pretty good chance you might be convicted in this case?" Rubiano responded, "Yes." The trial court found the guilty plea was knowing, voluntary, and intelligent and supported by an adequate factual basis. The court accepted the plea and subsequently sentenced Rubiano to the presumptive, ten-year prison term.

¶4 In February 2004, Rubiano filed a notice of post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P. Through appointed counsel, Rubiano maintained in his June 2005 petition that he was entitled to relief on various grounds. Rubiano claimed, inter alia, there had been an insufficient factual basis for his guilty plea because "there was no corpus delicti for the crime." He argued that, ultimately, he had been convicted based on an "untrue confession," that is, the admissions he had made at the change-of-plea proceeding as a result of his having been "confronted with the reality that if a jury were to find him guilty, he would be sent to prison for the remainder of his natural life."[1]

_____

[1]We note that Rubiano pled guilty here; the state did not offer a no contest plea, *see North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160 (1970), a fact the trial court specifically addressed during the change-of-plea proceeding.

¶5 The trial court denied relief on all claims. In denying the corpus delicti claim, the trial court correctly summarized the rule as requiring "corroborative evidence that an offense occurred independent of Defendant's confession." *See State v. Morgan*, 204 Ariz. 166, ¶¶ 14-18, 61 P.3d 460, 464-65 (App. 2002). The court found Rubiano had failed "to present a colorable claim" because "there was corroborating evidence, independent of [his] statements, that the crime of Sexual Conduct with a Minor was committed."[2] We will not disturb the trial court's ruling absent an abuse of discretion. *See State v. Schrock*, 149 Ariz. 433, 441, 719 P.2d 1049, 1057 (1986). An abuse of discretion includes an error of law. *State v. Wall*, 212 Ariz. 1, ¶ 12, 126 P.3d 148, 150 (2006). And whether the corpus delicti principle applies to a change-of-plea proceeding involving a guilty plea is a legal question of first impression in Arizona. We agree with the ruling below but base our conclusion on a reason different from that cited by the trial court.

¶6 As the trial court correctly noted, the corpus delicti rule prohibits conviction of a defendant "based upon an uncorroborated confession without independent proof of the corpus delicti, or the 'body of the crime.'" *Morgan*, 204 Ariz. 166, ¶ 15, 61 P.3d at 464, *quoting State v. Jones*, 198 Ariz. 18, ¶ 12, 6 P.3d 323, 327 (App. 2000); *see also Black's Law Dictionary* 344 (6th ed. 1990) (defining corpus delicti as "body of a crime"). Stated another way, the rule requires that, before a defendant's confession or incriminating statements may be admitted at trial as evidence of a crime, the state must establish with

---

[2]We note that the trial court misspoke, in that Rubiano actually pled guilty to and was convicted of attempted sexual conduct with a minor. That mistake, however, is inconsequential.

independent evidence that a crime occurred and that someone is responsible for that offense. *Jones*, 198 Ariz. 18, ¶ 12, 6 P.3d at 327. "The corpus delicti rule was invented by courts," and although some states have codified the principle by statute, in most jurisdictions, including Arizona, it is "entirely a creature of the common law." Thomas A. Mullen, *Rule Without Reason: Requiring Independent Proof of the Corpus Delicti as a Condition of Admitting an Extrajudicial Confession*, 27 U.S.F. L. Rev. 385, 387 (Winter 1993).

¶7        "The purpose of the rule is 'to prevent a conviction based solely on an individual's uncorroborated confession, the concern being that such a confession could be false and the conviction thereby lack fundamental fairness.'" *State v. Nieves*, 207 Ariz. 438, ¶ 7, 87 P.3d 851, 853 (App. 2004), *quoting State v. Flores*, 202 Ariz. 221, ¶ 5, 42 P.3d 1186, 1187 (App. 2002); *see also Smith v. United States*, 348 U.S. 147, 153, 75 S. Ct. 194, 197 (1954) (purpose of corpus delicti rule is to prevent errors in convictions based on untrue confessions); *State v. Gerlaugh*, 134 Ariz. 164, 170, 654 P.2d 800, 806 (1982) (same). "The rationale for the [corpus delicti] doctrine was the realization that a defendant's confession might be untrustworthy due to mental instability or improper police procedures." *State ex rel. McDougall v. Superior Court*, 188 Ariz. 147, 149, 933 P.2d 1215, 1217 (App. 1996); *see also* Mullen, *supra*, at 400-05 (identifying historical purposes of corpus delicti rule as protection of defendants of limited capacity, avoidance of involuntary confessions, and promotion of better law enforcement).

¶8        Although no Arizona case directly addresses the issue before us, our supreme court has noted that the corpus delicti principle applies to extrajudicial statements. *State*

*v. Atwood*, 171 Ariz. 576, 597, 832 P.2d 593, 614 (1992) ("In Arizona, the prosecution must establish a reasonable inference of the corpus delicti before it may introduce defendant's extrajudicial confession or admission as additional evidence of the crime."). In *Kercheval v. United States*, 274 U.S. 220, 225, 47 S. Ct. 582, 584 (1927), the United States Supreme Court recognized the significant distinction between statements made extrajudicially and those made in court within the context of a guilty plea. The Court stated: "A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." *Id*. at 223, 47 S. Ct. at 583. Based on principles of fundamental fairness, however, the Court held that evidence of the defendant's prior guilty plea could not be admitted against him at a later trial held after the plea had been vacated and he had changed his plea to not guilty. *Id*. at 225, 47 S. Ct. at 584.

¶9        In *Lam v. Peyton*, 268 F. Supp. 253, 254 (W. D. Va. 1967), the court relied on that language in *Kercheval* in rejecting the defendant's claim that the state had been required to provide independent evidence of the corpus delicti through a witness in a guilty plea proceeding. The court concluded that "corpus delicti must be established in order to admit an extra-judicial confession" and refused to apply that rule to "a formal plea of guilty." *Id.; see also Waley v. United States*, 233 F.2d 804, 806 (9th Cir. 1956) (corpus delicti rule inapplicable to plea of guilty made at trial); *State v. Lee*, 439 S.E.2d 547, 568 (N.C. 1994) (finding corpus delicti rule inapplicable at jury trial for sentencing of defendant

6

who had pled guilty to first-degree murder); Mullen, *supra*, at 408 (recognizing "infrajudicial statements" among exceptions to corpus delicti rule; "defendant may plead guilty without independent proof of a crime, and a defendant's in-court confession requires no corroboration"); *but see Commonwealth v. Fears*, 836 A.2d 52, 67 (Pa. 2003) (applying corpus delicti principle in determining validity of guilty plea).

¶10         We agree with the court in *Lam* that the corpus delicti rule does not apply in the context of in-court guilty pleas.  This position is consistent with that of the majority of jurisdictions in which courts have not applied the rule to statements made by a defendant in a judicial proceeding.  *See, e.g., Landsdown v. United States*, 348 F.2d 405, 409-10 (5th Cir. 1965) (addressing whether government had provided evidence of corpus delicti before defendant's extrajudicial admissions were admitted; finding defendant's own statements at trial could provide evidence of corpus delicti because "requirement of corroboration does not apply to infrajudicial statements made by the accused"); *Manning v. United States*, 215 F.2d 945, 950 (10th Cir. 1954) (defendant's own testimony may provide corroboration to extrajudicial statements introduced at trial, and "rule requiring a confession to be corroborated by proof of the 'corpus delicti' has no application to infra-judicial confessions"); *People v. Ditson*, 369 P.2d 714, 731 (Cal. 1962) ("It is . . . elementary and unquestioned that a defendant who chooses to testify is just as competent to establish the corpus delicti as any other witness."); *Riley v. State*, 349 N.E.2d 704, 706 (Ind. 1976) ("[T]here is no requirement that the corpus delicti be established independent of the proof of the crime, when the prosecution does not intend to rely upon an extrajudicial statement

7

of the accused."); *State v. Staat*, 822 P.2d 643, 647 (Mont. 1991) (prosecution not required to provide independent evidence of corpus delicti at trial to corroborate defendant's "judicial confession," admissions he had made in court at suppression hearing); *Salazar v. State*, 86 S.W.3d 640, 645 n.18 (Tex. Crim. App. 2002) ("[I]n-court judicial confession[s] need not be corroborated."); *Alvarez v. State*, 374 S.W.2d 890, 891 (Tex. Crim. App. 1964) ("The testimony of appellant from the witness stand is a judicial confession and as such needs no corroboration."); *State v. Liles-Heide*, 970 P.2d 349, 351 (Wash. Ct. App. 1999) (defendant's testimony at trial established corpus delicti for purposes of conviction for driving under the influence of alcohol). As legal scholar John H. Wigmore stated, the corpus delicti rule "has of course no bearing upon an infrajudicial confession, which is in effect a plea of guilty." 7 John H. Wigmore, *Evidence* § 2071, at 524 (Chadbourn rev. 1978).

¶11 Given the historical purpose of the corpus delicti rule—protection of defendants from being convicted based on unreliable confessions that may have been unfairly obtained—there is no reasonable justification for applying it to guilty plea proceedings. Statements made in such a context are made under the supervision and, essentially, the protection of a trial judge, who is required to ensure the defendant's plea and admission of guilt is made with the knowing, voluntary, and intelligent waiver of all relevant constitutional rights. *See Boykin v. Alabama*, 395 U.S. 238, 242-43, 89 S. Ct. 1709, 1711 (1969) (record must show guilty plea was knowingly, intelligently, and voluntarily made); *Kercheval*, 274 U.S. at 223, 47 S. Ct. at 583 ("[A] plea of guilty shall not be accepted unless made voluntarily after proper advice and with full understanding of the

8

consequences."); *State v. Brown*, 212 Ariz. 225, ¶ 15, 129 P.3d 947, 951 (2006) (same); *see also* Ariz. R. Crim. P. 17.1(b), 18.1, 16A and 17 A.R.S. (setting forth criteria for defendant's entry of guilty plea and waiver of right to jury trial). In addition, a defendant's statements at change-of-plea proceedings typically are made in the presence and on the advice of counsel.

¶12 In short, the danger that a defendant will be convicted based on coerced or otherwise unfairly elicited and untrustworthy admissions is not the same in the change-of-plea context as it is in the extrajudicial context. And, assuming a defendant's plea is somehow infirm, he or she is not without means of obtaining redress; the defendant may seek to set aside the conviction entered pursuant to the guilty plea. *See Kercheval*, 274 U.S. at 224, 47 S. Ct. at 583 (defendant is bound by plea, "[b]ut, on timely application, the court will vacate a plea of guilty shown to have been unfairly obtained or given through ignorance, fear or inadvertence"); *see also State v. Ysea*, 191 Ariz. 372, ¶¶ 23-24, 956 P.2d 499, 506 (1998) (recognizing a defendant may seek post-conviction relief pursuant to Rule 32, Ariz. R. Crim. P., on ground that trial counsel had been ineffective by inducing defendant to enter guilty plea); *State v. Anderson*, 147 Ariz. 346, 351-52, 710 P.2d 456, 461-62 (1985) (same); Ariz. R. Crim. P. 17.5 (court may allow defendant to withdraw guilty or no contest plea "to correct a manifest injustice"); Ariz. R. Crim. P. 32.1(a) (post-conviction relief available if conviction obtained in violation of constitutional rights).

¶13 Finally, our supreme court's decision in *State v. Janise*, 116 Ariz. 557, 570 P.2d 499 (1977), does not require application of the corpus delicti principle here. There,

the defendant had submitted the case to the trial court to decide based on a police report that contained his inculpatory statements. *Id*. at 558, 570 P.2d at 500. On appeal, the supreme court agreed with the defendant that if the "police departmental report lacked sufficient independent evidence to warrant a reasonable inference that the crime charged was actually committed by some person, then appellant's 'confession' in the report could not be used." *Id*. at 559, 570 P.2d at 501. Applying the corpus delicti rule, the court found there was independent evidence to support the conviction. *Id.* Addressing a different issue—whether the defendant had to be advised of the possible range of sentence before the case could be submitted to the trial court—the supreme court stated that submitting the case to the court based on the report was "tantamount to a plea of guilty." *Id*. at 558, 570 P.2d at 500. But, in *Janise*, unlike here, the defendant was not convicted based on statements he had made in a judicial proceeding. Rather, the trial court had relied on the defendant's extrajudicial statements to support the finding of guilt.[3] For that reason, independent, corroborating evidence was required to support the conviction.

**¶14** We hold, therefore, that the corpus delicti rule does not apply to statements, including admissions, a defendant makes at a change-of-plea hearing in establishing a factual basis for a guilty plea. Therefore, although the trial court in this case found that evidence

---

[3]We note, moreover, that Rubiano was not convicted based solely on his admissions at the change-of-plea hearing. Despite her later recantations, the victim had made statements that Rubiano had sexually abused her. This was independent evidence that a crime had been committed and that someone, specifically Rubiano, was culpable. *See State v. Gillies*, 135 Ariz. 500, 506, 662 P.2d 1007, 1013 (1983); *State v. Morgan*, 204 Ariz. 166, ¶¶ 23-24, 61 P.3d 460, 466-67 (App. 2002).

10

independent of Rubiano's statements at the change-of-plea hearing existed to support his plea of guilty to attempted sexual conduct with a minor, the court did not have to make that finding in order to deny Rubiano's request for post-conviction relief. Consequently, we grant Rubiano's petition for review, but because the trial court did not abuse its discretion in denying relief on this claim, we deny relief as well.

_____
JOHN PELANDER, Chief Judge

CONCURRING:


_____
JOSEPH W. HOWARD, Presiding Judge


_____
GARYE L. VÁSQUEZ, Judge