NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee*,

*v.*

VINCENT SMITH, *Appellant*.

No. 1 CA-CR 13-0561
FILED 07-08-2014

---

Appeal from the Superior Court in Maricopa County
No. CR2012-128732-001
The Honorable Harriett E. Chavez, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Robert A. Walsh
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Randall M. Howe delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jon W. Thompson joined.

---

**H O W E,** Judge:

**¶1**         Vincent Smith appeals his convictions for two counts of aggravated assault and one count of interfering with judicial proceedings, and a life sentence with possibility of release after 25 years imposed pursuant to A.R.S. § 13-706(A). Finding no error, we affirm Smith's convictions and sentence.

## FACTS AND PROCEDURAL HISTORY

**¶2**         In June 2012, Smith attacked his wife with a knife in violation of an order of protection. Smith was subsequently indicted for attempted second degree murder (Count 1); aggravated assault (Counts 2 and 3); and interfering with judicial proceedings (Count 4).

**¶3**         The State filed an Allegation of Serious Offense/Life Imprisonment pursuant to A.R.S. § 13-706(A) on September 6, 2012, four months before trial commenced, but a week after a *Donald*[1] hearing. At that hearing, Smith rejected an offer to plead guilty to attempted second-degree murder and face a potential sentence of 10.5 to 21 years even though he was advised that if he were convicted of all counts, he faced a potential 65.75 years in prison. Although the plea offer did not have an expiration date, the court did not conduct a second *Donald* hearing advising Smith of the potential life sentence because of the Serious Offense allegation. After trial, Smith was found guilty on all counts except second degree murder.

**¶4**         Before sentencing, Smith's counsel moved for relief from application of A.R.S. § 13-706(A), arguing that the State had failed to allege the sentencing enhancement before Smith rejected the State's plea

---

[1]     *State v. Donald*, 198 Ariz. 406, 418 ¶ 46, 10 P.3d 1193, 1205 (App. 2000).

offer, and that Smith first learned of the possibility for a life sentence after trial. After oral argument, the court concluded that the State's and defense counsel's failure to advise Smith at the *Donald* hearing that he faced a mandatory minimum life sentence, and the State's failure to hold a second *Donald* hearing after filing the notice of enhancement, violated Smith's right to effective assistance of counsel and his due-process rights. The court noted, however, that an evidentiary hearing was necessary to determine whether Smith "was in fact aware of the minimum life sentence, and if the lack of such knowledge materially affected his decision to refuse the plea," and that this issue could only properly be addressed in a post-conviction relief evidentiary hearing. The court concluded that, under these circumstances, it was required to sentence Smith pursuant to A.R.S. § 13-706(A), and leave determination whether the sentence must be vacated to a post-conviction relief proceeding.

¶5 At sentencing, the court found that Smith had two prior serious offenses—aggravated assault, a class 3 nondangerous felony, and arson of an occupied structure, a class 2 dangerous felony—and that one of his current aggravated assault convictions was his third serious offense. As a result, the court imposed a life sentence with possibility of release after 25 years pursuant to A.R.S. § 13-706(A). Smith filed a timely notice of appeal.

## DISCUSSION

¶6 Smith argues that the superior court abused its discretion in sentencing him pursuant to A.R.S. § 13-706(A) because it rightly concluded that his due-process rights were violated by the superior court's and the State's failure to personally inform him at a *Donald* hearing before trial that he faced a mandatory life sentence if convicted. We review constitutional issues de novo. *State v. Dann,* 220 Ariz. 351, 360 ¶ 27, 207 P.3d 604, 613 (2009). We reject Smith's argument.

¶7 A defendant has a due-process right to pretrial notice of the potential range of sentence. *State v. Waggoner*, 144 Ariz. 237, 239, 698 P.2d 320, 322 (1985). The State satisfied Smith's due-process rights by filing the Allegation of Serious Offense/Life Imprisonment Pursuant to A.R.S. § 13-706(A) and mailing it to defense counsel four months before trial. *See Waggoner*, 144 Ariz. at 239, 698 P.2d at 322 (holding that citation to enhancement statute in indictment and filing of documents before trial referring to parole status satisfied due process); *State v. Hollenback*, 212 Ariz. 12, 15-16 ¶ 9-11, 126 P.3d 159, 162-63 (App. 2005) (holding that

citation to enhancement statute in indictment satisfied notice requirement).

**¶8**        Smith does not cite to any legal authority, and we know of none, that would require the superior court or the prosecutor to *personally* advise Smith of the potential punishment he faced before trial commenced. Due process requires a court to personally advise a defendant of potential punishment before the defendant accepts a plea to the charges or submits to a bench trial because both measures require a waiver of the constitutional privilege against compulsory self-incrimination and the rights to a jury trial and to confront one's accusers. *See Boykin v. Alabama*, 395 U.S. 238, 243-44 n.7 (1969) (holding that waiver of such rights cannot be presumed from a silent record); *State v. Janise*, 116 Ariz. 557, 559, 570 P.2d 499, 501 (1977) (holding that the trial court reversibly erred in failing to inform defendant of range of possible sentences before a bench trial based solely on contents of police report).

**¶9**        Nor are we aware of any legal authority to support the proposition that the State was required to request, or the court was required to conduct, a second *Donald* advisement once the State had filed its notice of intent to seek a life sentence. *Cf. Donald*, 198 Ariz. at 418, ¶¶ 46-47, 10 P.3d at 1205 (holding that a defendant suffers constitutional injury only if the defendant (1) loses a plea as a consequence of ineffective assistance of counsel; (2) such loss is not relieved by defendant's receipt of fair trial; and (3) the court has the power to fashion a remedy for such deprivation); *State ex rel Thomas v. Rayes*, 214 Ariz. 411, 415 ¶ 20, 153 P.3d 1040, 1044 (2007) (holding that a defendant may bring such claims of ineffective assistance of counsel only in a Rule 32 post-conviction proceeding). The prosecutor and the superior court did not violate Smith's due-process rights by failing to personally notify Smith of the life sentence he faced. Accordingly, the superior court did not err by sentencing Smith pursuant to A.R.S. § 13-706(A).

**¶10**        Moreover, to the extent that Smith argues that he proceeded to trial without personal knowledge of the punishment he faced, resolving this issue requires determining whether he was aware from any source that he faced a mandatory life sentence. Such a claim cannot be resolved on the record before us, rather; it can only properly be addressed in a Rule 32 petition for post-conviction relief.

**¶11**        We also reject Smith's argument that his sentence must be vacated because the finding that this was his third "serious offense" was not submitted to the jury in accordance with the constitutional rule

announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000) that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt." *Id.* at 490. Finding that a prior conviction is a "serious offense" is an issue of law for the trial judge that falls within the *Apprendi* exception for the "fact of a prior conviction." *See Cherry v. Araneta,* 203 Ariz. 532, 534 ¶ 8, 57 P.3d 391, 393 (App. 2002) (holding that *Apprendi* permits the trial judge to determine whether a prior conviction is a "violent offense" for purposes of a statutory denial of probation for commission of drug offenses); *State v. Pandeli*, 204 Ariz. 569, 571 ¶¶ 6-7, 65 P.3d 950, 952 (2003) (holding that the Sixth Amendment does not require a jury to determine the existence of a prior conviction for a serious offense as aggravating circumstance in a capital case); *State v. Ault*, 157 Ariz. 516, 520, 759 P.2d 1320, 1324 (1988) (holding pre-*Apprendi* that a "sensible" construction of the governing statute dictates that determination of whether an offense is a serious offense is a purely legal question.).

**¶12** Smith additionally argues that the failure to submit the serious offense allegation to the jury violated Arizona Rule of Criminal Procedure 19.1(b)(2). But Smith's argument fails because that rule only establishes the order of proceedings, not whether the allegation must be submitted to a jury. And as we have concluded, the nature of the prior conviction is not an issue requiring a jury finding. Finally, the finding that Smith's current conviction was for a "serious offense" was inherent in the jury verdict that Smith was guilty of aggravated assault, a dangerous offense. *See Blakely v. Washington,* 542 U.S. 296, 303 (2004) (court may impose sentence on basis of facts "reflected in the jury verdict").

**¶13** In any event, any error in failing to submit the determination whether the prior or current convictions were "serious offenses" was necessarily harmless because no reasonable jury could have failed to find that Smith had committed a third "serious offense." *See State v. Large,* 234 Ariz. 274, 280 ¶ 19, 321 P.3d 439, 445 (App. 2014) (holding that error in submitting parole status to jury was harmless, because no reasonable jury could have found that defendant was not on parole at the time of his offense).

**¶14** We also reject Smith's argument that his life sentence with possibility of release after 25 years pursuant to A.R.S. § 13-706(A) constituted cruel and unusual punishment in violation of the Eighth

Amendment.[2] We review the constitutionality of a sentence de novo. *State v. Johnson*, 210 Ariz. 438, 440 ¶ 8, 111 P.3d 1038, 1040 (App. 2005).

¶15 The Eighth Amendment "does not require strict proportionality between crime and sentence but instead forbids only extreme sentences that are grossly disproportionate to the crime." *State v. Berger*, 212 Ariz. 473, 476 ¶ 13, 134 P.3d 378, 381 (2006) (citations and internal quotation marks omitted). In determining whether a threshold showing of "gross disproportionality" has been made, we first determine whether the legislature has a reasonable basis for believing that the sentencing provision "advances the goal of its criminal justice system in any substantial way." *Id.* at 477 ¶ 17, 134 P.3d at 382 (citations and internal punctuation omitted). We then consider whether "the sentence of the particular defendant is grossly disproportionate to the crime he committed." *Id.* "A prison sentence is not grossly disproportionate, and a court need not proceed beyond the threshold inquiry, if it arguably furthers the State's penological goals and thus reflects 'a rational judgment, entitled to deference.'" *Id.* at 477 ¶ 17, 134 P.3d at 382.

¶16 Smith's life sentence for a third "serious offense" with possibility of release after 25 years is not grossly disproportionate because A.R.S. § 13-706(A) furthers one of the legislature's declared penological goals: protecting the public from persons whose conduct threatens public safety. *See* A.R.S. § 13-101.01 (providing that it is a "fundamental purpose of the criminal law to identify and remove from society persons whose conduct continues to threaten the public safety" by commission of a third "violent or aggravated felon[y]" offense, as defined in A.R.S. § 13-706(F)(2), imposing life sentence with possibility of release after 35 years); *Wigglesworth v. Mauldin*, 195 Ariz. 432, 437 ¶ 17, 990 P.2d 26, 31 (App. 1999) ("[R]ecidivist statutes such as the one applying to Wigglesworth reflect the states' interest in dealing in a harsher manner with those who by repeated criminal acts have shown that they are simply incapable of conforming to the norms of society as established by the criminal law.") (internal punctuation marks and citation omitted); *Ewing v. California*, 538 U.S. 11, 30–31 (2003) (rejecting claim that sentence of 25 years to life imposed for minor felony under California's "three strikes law" is cruel

---

[2] Although Smith also alleges a violation of Article 2, Section 15, of the Arizona Constitution, which similarly prohibits the infliction of cruel and unusual punishment, we interpret the Arizona provision no differently than its federal constitution counterpart. *See State v. Davis*, 206 Ariz. 377, 380 ¶ 12, 79 P.3d 64, 67 (2003).

and unusual punishment); *Rummell v. Estelle,* 445 U.S. 263, 284–85 (1980) (holding no violation of Eighth Amendment to sentence three-time offender to life in prison with possibility of parole).

¶17 Moreover, Smith's life sentence with possibility of release after 25 years pursuant to A.R.S. § 13-706(A) was amply supported by his extensive criminal history of violent offenses (including the prior aggravated assault and arson of an occupied structure), his conviction for aggravated assault, a dangerous offense and domestic violence offense, and his related convictions for two counts each of witness tampering and influencing a witness. The court found that the aggravating factors far outweighed any mitigating factors, and that Smith was a "true danger to the community." These circumstances supply additional support for our conclusion that the sentence was neither "grossly disproportionate" to the offense Smith committed for purposes of the Eighth Amendment nor "excessive" under A.R.S. § 13-4037(B).

## CONCLUSION

¶18 For the foregoing reasons, we affirm Smith's convictions and sentences.

